FILED
4/30/20 3:23 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

In re:
    RAYMOND M. PADER and LESLIE S. PADER,

Bankruptcy Case No.: 19-23665-GLT
Chapter: 11
Hearing Date: 4/30/20

## POST-CONFIRMATION ORDER AND NOTICE OF DEADLINES

    **AND NOW,** 30th day of April 2020, all creditors, equity security holders, interest holders and all other parties in interest are hereby notified that the Debtors' Chapter 11 Plan of Reorganization dated February 3, 2020 [Dkt. No. 47] (as supplemented or modified) filed by the Debtors on February 3, 2020 has been confirmed by Order of the Court dated April 30, 2020 and that to the extent provided in 11 U.S.C. § 1141, discharges the Debtors, binds the Debtors and other entities, vests property of the estate in the Debtors free and clear of claims and interests of creditors and other entities, and voids any judgment and operates as an injunction with respect to any debt discharged to the extent provided in 11 U.S.C. § 1141 and § 524.  The plan constitutes a new agreement between the Debtors and each creditor which is binding and shall be enforceable as any other contract in the courts of the states or United States.  This *Order* is entered to provide a timetable for final actions in this case.

    **IT IS THEREFORE ORDERED:**

1. **Administrative Expenses and Professional Fees.**  All applications for award of compensation or expenses to a trustee, examiner, attorney or other professional person and all other motions for allowance of administrative expenses shall be filed and served within ninety (90) days after the date of this *Order*, together with a certificate of service.

2. **Reports.**  Within forty-five (45) days after the date of this *Order* and pursuant to 11 U.S.C. § 1106(a)(7), the Reorganized Debtors or person(s) designated in the plan shall file a status report detailing the actions taken by the Reorganized Debtors and the progress made toward consummation of the plan.  Said reports shall be filed every January 15th and every July 15th thereafter until a Final Decree has been entered.

3. **Other Proceedings.**  Any other adversary proceeding, contested matter, motion, or application shall be filed within forty-five (45) days after the date of this *Order*.

4. **Clerk's Charges and Report Information.**  Within fourteen (14) days of the date of this *Order*, the Debtors shall submit a written request to the Clerk of Court to obtain the sum representing any notice and excess claim charges.  Said amount shall be paid in full within forty-five (45) days of the date of this *Order*.

5. **United States Trustee Fees.**  Payment of all fees due to the United States Trustee must be provided for pursuant to 11 U.S.C. § 1129(a)(12).

6. **Final Report and Decree.** Within ninety (90) days of consummation of the plan, the Reorganized Debtors, or person designated in the plan, shall file a *Report and an Application for a Final Decree* in accordance with 11 U.S.C. § 1106(a)(7). The Report shall include a narrative of the activities taken toward compliance with the plan **and** the information contained in the Report for Bankruptcy Judges in cases to be closed, attached hereto as Exhibit A. For purposes of this paragraph, "consummation" means the distribution of any deposit required by the plan. If no deposit was required, "consummation" means the payment of the first distribution required by the plan. **If a *Report and an Application for a Final Decree* are not timely filed, the Court will schedule a Rule to Show Cause hearing. A representative of the plan proponent and counsel shall appear at the hearing.**

7. **Extensions of Time.** Any time period established in this *Order* may be extended by the Court for cause after notice and hearing, but only upon motion filed **prior** to the deadline established under the relevant paragraph of this *Order*. Nothing in this *Order* shall preclude any proceeding in another Court with jurisdiction within time limits which might otherwise be applicable.

8. **Notice.** The Debtors' attorney shall mail a copy of the Order Confirming the Plan and this *Post-Confirmation Order* (Exhibit A need not be attached) as notice thereof to all creditors, equity security holders, all other parties in interest, the Debtors, Debtors' attorney, the trustee, if any, counsel for all committees, if any, all professionals who may have administrative claims against the estate of the Debtors, and the United States Trustee, and file a certificate of service within fourteen (14) days of the date of this *Order*.

9. **Continuation Statements.** Judgment holders should revive their liens and secured creditors should file continuation statements, if appropriate, within sixty (60) days of the date of this *Order* for purposes of 13 Pa. C.S.A. § s9515 or other applicable state law.

Dated: April 30, 2020

GREGORY L. TADDONIO ct
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Debtors

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. |
| | : | |
| Debtor(s) | : | |
| | : | Chapter 11 |
| | : | |
| Movant(s) | : | |
| | : | Related to Document No. |
| v. | : | |
| | : | |
| | : | |
| Respondent(s) | : | |

## REPORT FOR BANKRUPTCY JUDGES IN CASES TO BE CLOSED

### CHAPTER 11 CASES

_____Plan Confirmed          _____Plan Not Confirmed

If plan was confirmed and the case is still in Chapter 11, what percentage dividend was (or is) to be paid under the plan to the general unsecured class of creditors? _____%

I certify under penalty of perjury that the information provided on this form is true and correct to the best of my knowledge, information, and belief and that all estimated payments have been designated appropriately as such.

_____   _____   _____
DATE           PREPARER                 SIGNATURE

**PAWB Local Form 14  (07/13)**

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Raymond M. Pader  
Leslie S. Pader  
        Debtors

Case No. 19-23665-GLT  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: nsha      Page 1 of 1      Date Rcvd: Apr 30, 2020  
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 02, 2020.  
db/jdb         +Raymond M. Pader,   Leslie S. Pader,   3821 Kim Lane,   Gibsonia, PA 15044-9781

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                    TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 02, 2020                                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 30, 2020 at the address(es) listed below:

          Christopher M. Frye    on behalf of Joint Debtor Leslie S. Pader chris.frye@steidl-steinberg.com,
           julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgoga@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com  
          Christopher M. Frye    on behalf of Debtor Raymond M. Pader chris.frye@steidl-steinberg.com,
           julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgoga@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com  
          James   Warmbrodt    on behalf of Creditor    Bayview Loan Servicing, LLC bkgroup@kmllawgroup.com  
          Jodi L. Hause    on behalf of Creditor    Wells Fargo Bank, N.A. jodi.hause@phelanhallinan.com,
           pawb@fedphe.com  
          Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
           jbluemle@bernsteinlaw.com  
          Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee
           larry.e.wahlquist@usdoj.gov  
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
          Preston D. Jaquish    on behalf of Creditor    First Commonwealth Bank, successor by merger to
           Southwest Bank pjaquish@lenderlaw.com  
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com  
          Thomas   Song    on behalf of Creditor    Wells Fargo Bank, N.A. pawb@fedphe.com  
                                                                                TOTAL: 10